WALTER G. OAKMAN, ET AL, EXECUTORS OF THE WILL OF ANDREW
FREEDMAN, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*transfer of stock of foreign corporation to non-residents.* *Jurisdiction.* The County Court to hear and determine whether an inheritance tax is due on the succession to property it must have jurisdiction over the beneficiary of the property or its judgment will be void. (*Oakman* v. *Small*, 282 Ill. 360.)

TITLE—*to excess of the legal tax does not vest in State.* The title to the excess of the legal tax does not vest in the State but belongs to the beneficiaries under the will.

VALID CLAIM—*what is for refund.* Where the County Court finds the amount of tax paid to be in excess of the tax legally due the State it is proper to order a refund of the amount of the excess found to be erroneously paid, and a claim for such excess tax is a valid one against the State.

Edward J. Brundage, Attorney General, for State.

This is a claim for refund of inheritance tax alleged to have been erroneously paid by the claimants.

Briefly, the facts are as follows: Andrew Freedman died on December 24, A. D. 1915, a resident of the State of New York, leaving a last will and testament, in which, petitioners were named as executors in the State of New York.

On the twenty-fourth day of May, 1916, the County Judge of Cook County, Illinois, entered an order assessing a tax in the aggregate of two thousand one hundred twenty-three and 95/100 dollars ($2,123.95) as being due the State of Illinois as inheritance tax. On the twenty-fourth day of May, A. D. 1916, the co-executors, after deducting 5% paid into the treasury, two thousand seventeen and 75/100 dollars ($2,017.75).

All of said tax of two thousand one hundred twenty-three and 95/100 dollars ($2,123.95), except two hundred thirty-four and 60/100 dollars ($234.60) was fixed and assessed the succession to, or transfer of stock of corporations organized and existing under and by virtue of the laws of States other than the State of Illinois; and that neither the said Andrew Freedman, nor the beneficiaries under his will were residents of Illinois.

On petition duly presented to the County Court of Cook County on the twenty-fourth day of May, A. D. 1916, was asked to set aside and vacate said order of assessment, and that it be declared null and void. in so far as it fixed or assessed a tax upon the succession or transfer of

stocks of said foreign corporations. On motion the petition was stricken from the files by the County Court, whereupon, petitioners prayed an appeal to the Supreme Court of Illinois, and upon a hearing the Supreme Court reversed the order, striking the petition from the files (*Oakman* v. *Small,* 282 Illinois, 360). Pursuant to the mandate of the Supreme Court, the lower Court set aside and vacated its order so entered on the twenty-fourth day of May, A. D. 1916, and fixed and assessed a 'tax of two hundred thirty-four and 60/100 dollars ($234.60), as due the State of Illinois as inheritance tax, and found that said County Court had no jurisdiction to assess the remainder of the tax fixed and assessed as aforesaid; and entered a decree declaring "the order fixing the remainder of the amount so assessed, null and void, and that the said balance, one thousand seven hundred ninety-four and 88/100 dollars ($1,794.88) was erroneously paid, and that it should be refunded to petitioners by the State of Illinois, and that they make application accordingly," etc.

Claimants also ask that the State pay the costs advanced by appelants in said case and filing fee, amounting in all to forty-five dollars ($45.00). Later, on the twenty-fifth day of April, A. D. 1918, the said County Court vacated its last order above referred to, and entered a decree, declaring that the sum of one thousand eight hundred sixteen and 93/100 dollars ($1,816.93) was erroneously paid, and ordered a refund of said amount, as erroneously paid; and that the actual amount due the State is two hundred and 82/100 dollars ($200.82) after deducting 5%. The claimants present their amended claim showing that one thousand eight hundred sixteen and 93/100 dollars ($1,816.93) (instead of one thousand seven hundred ninety-four and 88/100 dollars ($1,794.88) be refunded, and asking that the forty-five and 20/100 dollars ($45.20) paid out and expended as costs as aforesaid be also allowed to claimants, making a total of one thousand eight hundred sixty-two and 13/100 dollars ($1,862.13).

The record evidence supports all the allegations, and is virtually admitted as true. In defendant's brief, it states that "Amounts paid under a void order of court, purporting to assess an inheritance tax are not erroneous inheritance taxes," and that, therefore, the claimants are not entitled to refund.

In entering the original order of assessment, the County Judge erroneously included the sum of one thousand eight hundred sixteen and 93/100 dollars ($1,816.93), (after the 5% deduction) which, to that extent was declared by the decree of County Court to be void, as above mentioned. The assessment was in a sum total and purported to be a tax legally assessed.

The County Court found such excess to be a tax illegally assessed, and (by way of suggestion) ordered a refund of the amount so found erroneously paid.

In New York it was held that "Where there was *no jurisdiction* to assess United States bonds in an appraisement under the laws of 1892 (N. Y.) the surrogate has power to modify order without appeal and *direct* a *refund,* although the time of appeal has expired.

Matter of Coogan, 27 Miscellaneous Report (N. Y.) 563; affirmed 45 App. Div. (N. Y.) 628; 162 N. Y. 613.

Also see opinion in the case of *Lora J. Moore, et al, executors of the estate of James Hobart Moore, deceased* v. *The State of Illinois,* filed at the present term of this Court and numbered thirty-three (33). For a fuller discussion of the facts in this case at bar, see *Oakman* v. *Small,* 282 Illinois, 360.

Application was made in due time to the County Treasurer and to the State Treasurer for a *refund* of amount so *erroneously* paid, and no compliance with the request made.

From investigation we are unable to find where the State Treasurer has ever complied with a similar request, as no appropriation is made in anticipation of such claims. The title to this excess of the legal tax never became legally vested in the State. It belongs to the beneficiaries in the will. The beneficiaries were *not* entitled to a *transfer* of the property until the *consent* of the Attorney General and State Treasurer was obtained; and that cannot be obtained till the tax entered is paid. We take it that these taxes were paid under this state of affairs, and since the County Court has, under the mandate of the Supreme Court, found that the State is not entitled to the amount claimed by the claimants, we are, of the opinion that such amount was illegally assessed, erroneously paid, and that it constitutes, in this case, a valid claim against the State of Illinois. We believe that equity and good conscience require the same to be refunded by the State.

As to the amount of forty-five and 50/100 dollars ($45.50) claimed as costs against the State, we disallow same for the reason that the State is not liable for costs. We, accordingly award to the claimant a refund in the sum of eighteen hundred sixteen and 93/100 dollars ($1,816.93).